# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON REMAND

## NO. 03-09-00079-CR

**Mark David Barshaw, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT NO. 62761, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Mark David Barshaw guilty of sexual assault, and the trial court assessed his punishment at twelve years' imprisonment. *See* Tex. Penal Code Ann. § 22.011 (West 2011). We held on original submission that the trial court erred by permitting an expert witness to testify that the class of persons to which the complainant belongs tends to be truthful. *Barshaw v. State*, 320 S.W.3d 625, 630 (Tex. App.—Austin 2010). A majority of the panel further held that the error could not be disregarded as harmless, and accordingly the conviction was reversed. *Id*. at 631. One justice dissented, arguing that the record as a whole demonstrated that the error did not influence the jury. *Id*. at 635 (Henson, J., dissenting).

On the State's petition for discretionary review, the court of criminal appeals agreed that error was presented, but it held that the majority opinion's harmless error analysis was defective because it failed to consider the full record. *Barshaw v. State*, 342 S.W.3d 91, 93 (Tex. Crim. App. 2011). The court reversed our judgment and remanded the cause for us to "conduct a full harm analysis based on the entirety of the record and address appellant's remaining issues." *Id*. at 96.

Justice Henson's dissenting opinion on original submission contains the full harm analysis based on the entirety of the record called for by the court of criminal appeals. It addresses the other evidence admitted at trial, the character of the error, the jury instructions, and the closing arguments. *See Barshaw*, 320 S.W.3d at 632-35. We now adopt the original dissenting opinion as the opinion of the Court with regard to the harm resulting from the admission of the improper expert testimony. For the reasons stated in that opinion, we hold that the error did not affect appellant's substantial rights and was therefore harmless. *See* Tex. R. App. P. 44.2(b). Issue one is overruled.

In his second issue, appellant contends that the trial court erroneously admitted hearsay testimony. Specifically, appellant urges that the sexual assault nurse examiner, Deborah Kleypas, should not have been permitted to read to the jury a portion of her written report describing statements made by the complainant regarding appellant's conduct. *See Barshaw*, 320 S.W.3d at 627 (summarizing Kleypas's testimony). The testimony was admitted under the medical treatment and diagnosis exception to the hearsay rule. Tex. R. Evid. 803(4). Appellant contends that the State failed to demonstrate that the complainant understood the purpose of giving a medical history or appreciated the need to be truthful. *See Taylor v. State*, 268 S.W.3d 571, 589 (Tex. Crim. App. 2008).

2

The State urges that this issue was not preserved for review. Appellant's hearsay objection to Kleypas's testimony was raised and overruled during a hearing outside the jury's presence. When Kleypas's written report was offered in evidence before the jury, however, defense counsel stated, "[W]e have no objection." Later, when Kleypas was asked to read from the report, appellant reurged his hearsay objection. Assuming without deciding that the issue was preserved, no error is presented.

As discussed on original submission, the complainant is an adult but is mentally retarded and functions at approximately a ten-year-old level. *Barshaw*, 320 S.W.3d at 626. Both the complainant's caseworker and her psychologist testified that MHMR does not provide sex education to its clients, and they were of the opinion that the complainant was not capable of appraising the nature of a sexual act or able to resist it. *Id*. at 627-28. Kleypas testified that she did not specifically tell the complainant that it was important for her to be truthful. However, she said that she told the complainant that "I want to take care of [you]" and when "I know what has happened, that helps guide me in what I need to look for on their body and what else we need to do to help take care of [her]." Kleypas testified that in her opinion, the complainant understood what she was asking of her.

Appellant argues that "a person who doesn't even know what sex is . . . and who can't appreciate the nature of sexual conduct could [not] understand the need to be truthful about sexual conduct in order to ensure she gets proper medical treatment." But a person does not need to understand the workings of the human body in order to understand the purpose of a medical examination and the importance of being truthful when speaking to a doctor or a nurse. In our

3

opinion, the complainant did not need to fully understand the nature of the sexual act in order to appreciate the role of a nurse and the importance of telling the truth about what had happened to her. Kleypas testified that she explained the purpose of the examination to the complainant and believed that the complainant understood. On this record, the trial court did not abuse its discretion by overruling appellant's objection and admitting the challenged hearsay. Issue two is overruled.

In his third and final issue, appellant contends that the evidence is factually insufficient to show lack of consent. After the briefs were filed in this case, the court of criminal appeals held that appellate courts will no longer employ distinct legal and factual sufficiency standards when reviewing the sufficiency of the evidence to sustain a criminal conviction. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Instead, the only standard for determining whether the evidence proves the defendant's guilt beyond a reasonable doubt is the *Jackson* due process standard. *Id.*; *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Under *Jackson*, the question presented is whether, after viewing all the evidence in the light most favorable to the verdict, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. 443 U.S. at 319. In the interest of justice, we will apply this standard to appellant's third issue.

The jury was instructed that a sexual assault is without consent if the actor knows that as a result of mental disease or defect, the other person is incapable either of appraising the nature of the act or of resisting it. *See* Tex. Penal Code Ann. § 22.011(b)(4). Appellant argues that if the complainant was capable of understanding and consenting to the sexual assault examination, she was also capable of appraising the nature of the sexual act and resisting it.

4

The relevant evidence was fully developed in both the majority and dissenting opinions on original submission, and we will not repeat it here. For the reasons we have already discussed, we believe that the ability to appreciate the nature of the sexual act was not a prerequisite to the complainant giving an informed consent to the sexual assault examination. We hold that when all the evidence is viewed in the light most favorable to the verdict, a jury could rationally find beyond a reasonable doubt that the complainant did not consent to appellant's penetration of her sexual organ with his finger. Issue three is overruled.

The judgment of conviction is affirmed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed on Remand

Filed: September 9, 2011

Do Not Publish

5